FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2013 SEP 25  PM 3:06

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2013 Grand Jury

**CR 13 - 0698**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>CAROLYN MARIE JONES,<br><br>                    Defendant. | CR No. 13-<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344: Bank Fraud;<br>18 U.S.C. § 1014: False<br>Statement on a Loan Application;<br>18 U.S.C. § 152(1): Concealment<br>of Assets in Bankruptcy: 18<br>U.S.C. § 1028A: Aggravated<br>Identity Theft; 18 U.S.C. § 2:<br>Aiding and Abetting and Causing<br>an Act to Be Done; 18 U.S.C.<br>§§ 981(a)(1)(C) & 982(a)(2)(A),<br>28 U.S.C. § 2461(c) & 21 U.S.C.<br>§ 853(p): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH NINE

[18 U.S.C. §§ 1344, 2(b)]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.   Defendant CAROLYN JONES ("defendant JONES") operated and controlled Diamond Decisions, Inc., dba Privacywear and PRVCY Premium ("DDI").  DDI was a denim jean and clothing

RCP



1  manufacturing company that was conducting business from offices

2  and warehouses located in the Central District of California.

3      2.   Union Bank of California ("Union Bank") was a

4  financial institution, the accounts and deposits of which were

5  insured by the Federal Deposit Insurance Corporation.

6  B.   THE SCHEME TO DEFRAUD

7      3.   Beginning on an unknown date, and continuing until in

8  or about June 2010, in Los Angeles County, within the Central

9  District of California, and elsewhere, defendant JONES, and

10 others known and unknown to the Grand Jury, knowingly and with

11 intent to defraud, executed a scheme to defraud Union Bank as to

12 material matters, and to obtain monies, funds, credits, assets,

13 securities, and other property owned by and in the custody and

14 control of Union Bank by means of material false and fraudulent

15 pretenses, representations, and promises, and the concealment of

16 material facts.

17     4.   The fraudulent scheme operated, in substance, in the

18 following manner:

19         a.   Defendant JONES applied for a loan in the form of

20 a revolving line of credit from Union Bank, and subsequently

21 applied for extensions and increases to the line of credit, as

22 follows:

23         i.   On or about December 9, 2008, defendant

24 JONES signed, on behalf of DDI, the initial loan agreement with

25 Union Bank for a revolving line of credit in the amount of

26 $8,500,000.

27

28

1      ii.   On or about February 24, 2009, defendant

2  JONES signed, on behalf of DDI, an agreement extending the line

3  of credit to $12,500,000.

4      iii. On or about May 26, 2009, defendant JONES

5  signed, on behalf of DDI, an agreement extending the line of

6  credit to $15,000,000.

7      b.   Defendant JONES made, and willfully caused to be

8  made, to Union Bank one or more of the following material false,

9  fraudulent, and misleading pretenses, representations, and

10  promises, among others, in connection with and in support of

11  each of the loan applications, extensions, increases, and

12  modifications:

13      i.   That the borrower, DDI, had a certain dollar

14  amount of collateral to secure the loan amount, when in truth

15  and in fact, as defendant JONES then well knew, DDI had

16  significantly less collateral than the amount represented to

17  Union Bank.

18      ii.   That DDI had a certain dollar amount of

19  sales when, in truth and in fact, as defendant JONES then well

20  knew,  DDI's sales were significantly less than the amount

21  represented to Union Bank.

22      c.   Defendant JONES created, and willfully caused to

23  be created, false and fraudulent documents that were submitted

24  in support of the loan application, extensions, and increases to

25  the line of credit, presented to Union Bank, including the

26  following:

27      i.   false personal federal tax returns that were

28  not filed with the Internal Revenue Service ("IRS") and that

3

1  listed a social security account number for defendant JONES

2  which did not belong to defendant JONES;

3         ii.  false and fraudulent financial statements

4  showing fabricated sales, accounts receivable, and inventory,

5  among other things, related to DDI;

6         iii. false and fraudulent financial statements

7  for DDI which were purportedly audited by "Sterling Business

8  Advisors, LLC"; and

9         iv.  false personal financial statements that

10  contained a false social security number for defendant JONES and

11  that falsely declared that defendant JONES had never filed for

12  bankruptcy previously and had no prior felony convictions.

13      As a result of defendant JONES' fraudulent scheme, Union

14  Bank sustained a loss of approximately $15,000,000.

15  C.  EXECUTIONS OF THE SCHEME

16      5.   On or about the following dates, within the Central

17  District of California, and elsewhere, defendant JONES, together

18  with others known and unknown to the Grand Jury, committed and

19  willfully caused others to commit the following acts, each of

20  which constituted an execution and attempted execution of the

21  fraudulent scheme:

22

| COUNT | DATE | ACT |
|-------|------|-----|
| ONE | 11/10/08 | Submission to Union Bank of a Personal Financial Statement for defendant JONES, dated 9/24/08. |
| TWO | 11/10/08 | Submission to Union Bank of Form 1040 U.S. Individual Tax Returns for defendant JONES. |

27

28

| COUNT | DATE | ACT |
|-------|------|-----|
| THREE | 11/10/08 | Submission to Union Bank of Financial Package purportedly audited by Sterling Business Advisors. |
| FOUR | 12/9/08 | Submission to Union Bank of a Trade Credit Agreement, signed 12/9/08 by defendant JONES. |
| FIVE | 2/17/09 | Submission to Union Bank of an accounts receivable aging report, dated 12/31/08. |
| SIX | 2/24/09 | Submission to Union Bank of First Amendment to the Trade Credit Agreement, dated 2/24/09. |
| SEVEN | 5/12/09 | Submission to Union Bank of an accounts receivable aging report, dated 3/31/09. |
| EIGHT | 5/15/09 | Submission to Union Bank of a Personal Financial Statement for defendant JONES, dated 5/14/09. |
| NINE | 5/26/09 | Submission to Union Bank of a Second Amendment to the Trade Credit Agreement, dated 5/26/09. |

COUNT TEN

[18 U.S.C. §§ 1014, 2(b)]

6. The Grand Jury repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

7. On or about November 10, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Union Bank in connection with a loan application for DDI. Specifically, defendant JONES submitted and willfully caused to be submitted to Union Bank a false Personal Financial Statement, which listed defendant JONES' social security number as XXX-XX-5185, and in which defendant JONES falsely checked the box "No" in response to the question "Have you or your spouse ever been the subject of bankruptcy proceedings?", when in truth and in fact, as defendant JONES then well knew, her true social security number was XXX-XX-6993 and she had previously filed for bankruptcy.

COUNT ELEVEN

[18 U.S.C. §§ 1014, 2(b)]

8.    The Grand Jury repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

9.    On or about November 10, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Union Bank in connection with a loan application for DDI.  Specifically, defendant JONES submitted and willfully caused to be submitted to Union Bank a false Form 1040 U.S. Individual Tax Return for 2005 for defendant JONES, which listed defendant JONES' social security number as XXX-XX-5185 when, in truth and in fact, as defendant JONES then well knew, her true social security number was XXX-XX-6993.

7

COUNT TWELVE

[18 U.S.C. §§ 1014, 2(b)]

10.   The Grand Jury repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

11.   On or about November 10, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Union Bank in connection with a loan application for DDI.  Specifically, defendant JONES submitted and willfully caused to be submitted to Union Bank a false Form 1040 U.S. Individual Tax Return for 2006 for defendant JONES, which listed defendant JONES' social security number as XXX-XX-5185 when, in truth and in fact, as defendant JONES then well knew, her true social security number was XXX-XX-6993.

COUNT THIRTEEN

[18 U.S.C. §§ 1014, 2(b)]

12.  The Grand Jury repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

13.  On or about November 10, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Union Bank in connection with a loan application for DDI.  Specifically, defendant JONES submitted and willfully caused to be submitted to Union Bank a false Form 1040 U.S. Individual Tax Return for 2007 for defendant JONES, which listed defendant JONES' social security number as XXX-XX-5185, when in truth and in fact, as defendant JONES then well knew, her true social security number was XXX-XX-6993.

COUNT FOURTEEN

[18 U.S.C. §§ 1014, 2(b)]

14.   The Grand Jury repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

15.   On or about February 17, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Union Bank in connection with an application for an increase in the line of credit amount for DDI.  Specifically, defendant JONES submitted and willfully caused to be submitted to Union Bank a false accounts receivable aging report for DDI, which showed total accounts receivable of approximately $28.6 million as of December 31, 2008, when, in truth and in fact, as defendant JONES then well knew, the total accounts receivable for DDI were significantly less than the amount represented in the submitted aging report.

COUNT FIFTEEN

[18 U.S.C. §§ 1014, 2(b)]

16.  The Grand Jury repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

17.  On or about May 12, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Union Bank in connection with an application for an increase in the line of credit amount for DDI.  Specifically, defendant JONES submitted and willfully caused to be submitted to Union Bank a false accounts receivable aging report for DDI, which showed total accounts receivable of approximately $23.3 million as of March 31, 2009, when, in truth and in fact, as defendant JONES then well knew, the total accounts receivable for DDI were significantly less than the amount represented in the submitted aging report.

COUNT SIXTEEN

[18 U.S.C. §§ 1014, 2(b)]

18.  The Grand Jury repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

19.  On or about May 15, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Union Bank in connection with an application for an increase in the line of credit for DDI.  Specifically, defendant JONES submitted and willfully caused to be submitted to Union Bank a false Personal Financial Statement Certification and Authorization, which listed defendant JONES' social security number as XXX-XX-5185, and in which defendant JONES falsely checked the boxes "No" in response to the questions "Have you ever declared bankruptcy?" and "Have you ever been convicted of a felony?", respectively, when, in truth and in fact, as defendant JONES then well knew, her true social security number was XXX-XX-6993, she had previously filed for bankruptcy, and in January 2004, she had pled guilty to and been sentenced for a violation of California Penal Code Section 487(a) (Grand Theft).

COUNT SEVENTEEN

[18 U.S.C. §§ 152(1), 2(a),(b)]

20.   The Grand Jury hereby repeats, realleges, and incorporates paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

A.   INTRODUCTORY ALLEGATIONS

21.   After DDI defaulted on the $15 million line of credit from Union Bank, Union Bank filed a civil suit against DDI in Los Angeles County Superior Court.   In or about February 2010, Union Bank obtained a court order authorizing Union Bank to seize the collateral of DDI.   On or about February 12, 2010, agents of Union Bank appeared at the DDI warehouse to seize the collateral securing the line of credit.

22.   After the Union Bank agents appeared at the DDI warehouse, defendant JONES caused DDI to file a Chapter 11 bankruptcy on or about February 12, 2010, in the case entitled In Re Diamond Decisions, Inc. 2:10-BK-1509-RN.   Union Bank, with the $15 million debt owed to it, was listed as the sole creditor on the bankruptcy petition.

B.   CONCEALMENT OF ASSETS

23.   Beginning in or about February 2010, and continuing through at least in or about June 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES, aided and abetted by others known and unknown to the Grand Jury, knowingly and fraudulently concealed, and willfully caused to be concealed, from the Bankruptcy Court, the bankruptcy trustee, and creditors of the DDI bankruptcy case, property belonging to the bankruptcy estate of DDI, namely,

13

funds totaling approximately $120,000, through the following means, among others:

  a. Falsely telling the bankruptcy trustee that DDI had only one open business bank account, which was located at Wells Fargo Bank;

  b. Causing a check from Marshall's/TJ Maxx in the amount of approximately $101,000 to be deposited into a DDI account at Altura Federal Credit Union;

  c. Causing a check from Dillard's Inc. in the amount of $9,149.40, and other vendor checks payable to DDI, to be deposited into a DDI account at Altura Federal Credit Union;

  d. Causing a payment from the DDI account at Altura Federal Credit Union in the form of a $30,000 cashier's check payable to "Carolyn Jones."

  e. Causing a payment from the DDI account at Altura Federal Credit Union in the form of a $30,000 check to a law firm; and

  f. Causing payments of over $15,000 from the DDI account at Altura Federal Credit Union to DDI employees.

COUNT EIGHTEEN

[18 U.S.C. § 1028A(a)(1)]

24.  The Grand Jury hereby repeats, realleges, and incorporates by reference paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

25.  Beginning on a date unknown, and continuing through at least on or about November 10, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly possessed and used, without lawful authority, a means of identification that defendant JONES knew belonged to another person, that is, a social security account number belonging to M.B., during and in relation to a felony violation of Title 18, United States Code, Section 1014, False Statement on a Loan Application, as charged in Count Ten of this Indictment.

COUNT NINETEEN

[18 U.S.C. § 1028A(a)(1)]

26.  The Grand Jury hereby repeats, realleges, and incorporates by reference paragraphs one through four of this Indictment as though fully set forth herein in their entirety.

27.  Beginning on a date unknown, and continuing through at least on or about May 15, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONES knowingly possessed and used, without lawful authority, a means of identification that defendant JONES knew belonged to another person, that is, a social security account number belonging to M.B., during and in relation to a felony violation of Title 18, United States Code, Section 1014, False Statement on a Loan Application, as charged in Count Sixteen of this Indictment.

FORFEITURE

[18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(A), 28 U.S.C.
§ 2461(c), 21 U.S.C. § 853(p)]

28.   Pursuant to Federal Rule of Criminal Procedure 32.2(a), notice is hereby given that:

a.   Upon conviction of any of the offenses alleged in Counts One through Seventeen of this Indictment, defendant CAROLYN JONES ("defendant JONES") shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the following:

(i)   All right, title, and interest in any property, real or personal, which constitutes, is traceable to, or is derived from proceeds obtained, directly or indirectly, as a result of such violation; and/or

(ii) A sum of money equal to the total amount of proceeds derived from each such violation; and

b.   Upon conviction of any of the offenses alleged in Counts One through Seventeen of this Indictment, defendant JONES shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), the following:

(i)   All right, title, and interest in any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as the result of such violation; and/or

(ii) A sum of money equal to the total amount of proceeds derived from each such violation.

29. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), defendant JONES, if so convicted, shall forfeit substitute property, up to the total value of property described in paragraph 28 if, by any act or omission of the defendant JONES, the property described in paragraph 28 or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD E. ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

STEPHEN A. CAZARES
Assistant United States Attorney
Deputy Chief, Major Frauds Section

RUTH C. PINKEL
Assistant United States Attorney
Major Frauds Section